UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL VENTRELLA,<br><br>          Plaintiff,<br><br>     vs.<br><br>SHAWN WEAD, WARDEN;<br><br>          Defendant. | CIV. NO. 22-00448 LEK-RT |

**ORDER: DENYING IN PART AND DISMISSING IN PART "PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAUS [SIC] CORPUS BY A PERSON IN STATE CUSTODY"; AND DENYING A CERTIFICATE OF APPEALABILITY**

Before the Court is pro se Petitioner Michael Ventrella's ("Ventrella") "Petition Under 28 U.S.C. § 2254 for Writ of Habeaus [sic] Corpus by a Person in State Custody" ("Petition") filed on October 13, 2022. [Dkt. no. 1.] On October 24, 2022, an Order to Show Cause and Answer Petition ("OSC") was issued, directing Respondent Shawn Wead, Warden of the Saguaro Correctional Center in Eloy, Arizona ("Respondent") to file an answer, pursuant to Rule 5 of the Rules Governing Section 2254 Proceedings for the United States District Courts. [Dkt. no. 5.] Respondent filed his response to the Petition on December 5, 2022 ("Answer"), and Ventrella filed his reply in support of the Petition on March 28, 2023 ("Reply"). [Dkt. nos. 6, 11.] Ventrella's Petition is hereby denied in part and

dismissed, with prejudice, in part, for the reasons set forth below.  Further, a certificate of appealability is also denied.

## BACKGROUND

Ventrella was originally charged in the State of Hawai`i Circuit Court of the Third Circuit ("state court") with fifteen drug and firearm offenses.  On February 20, 2018, he pled guilty to one count of attempted promotion of a dangerous drug in the first degree, in violation of Haw. Rev. Stat. §§ 705-500 and 712-1241(1)(a).  On April 25, 2018, Ventrella was sentenced to an indeterminate period of twenty years of imprisonment.  [Answer, Declaration of Trista N. Speer ("Speer Decl."), Exh. 2 (Judgment of Conviction and Sentence filed on 4/25/18 in State v. Ventrella, CR No. 3CPC-17-0000531).]  The Hawaii Paroling Authority ("HPA") held a hearing to determine Ventrella's minimum term on January 14, 2019.  [Speer Decl., Exh. 1 (Ventrella's Petition to Vacate, Set Aside, or Correct Illegal Sentence Through a Writ of Habeas Corpus Pursuant to HRPP Rule 40, filed 11/18/19 in the state court, Ventrella v. State, Case No. 3CPN-19-0000003 ("Rule 40 Petition")) at PageID.204-19 (App'x E (transcript of 1/14/19 HPA hearing)).]  Ventrella, who was represented by William Reece, Esq., appeared at the audio recorded minimum term hearing.  [Id. at PageID.204-05.]  The HPA set Ventrella's minimum term of imprisonment at

eleven years.  [Speer Decl., Exh. 1 at PageID.193 (App'x C (Hawaii Paroling Authority Notice and Order of Fixing Minimum Term(s) of Imprisonment, dated 1/15/19 ("HPA Notice"))).]

On November 18, 2019, Ventrella filed a petition for post-conviction relief pursuant to Hawai`i Rules of Penal Procedure ("Rule 40 Petition") in the state court.  [Speer Decl., Exh. 1 (Rule 40 Petition).]  Ventrella argued that his minimum term was unlawful because: 1) it violated the United States Supreme Court's ruling in Alleyne v. United States, 570 U.S. 99 (2013); and 2) it violated Haw. Rev. Stat. §§ 706-669(6) and (8).

On December 2, 2019, Ventrella filed a motion seeking the withdrawal or discharge of Mr. Reece so that Ventrella could obtain new counsel ("Withdrawal Motion").  [Speer Decl., Exh. 4.]

On May 29, 2020, the state court held a hearing on the Rule 40 Petition and the Withdrawal Motion.  See generally Speer Decl., Exh. 9 (Ventrella's Opening Brief in the appeal from the Rule 40 proceedings, filed 12/28/20 ("Rule 40 Opening Brief")) at PageID.365-85 (App'x F (transcript of 5/29/20 hearing) ("Rule 40 Hrg. Trans.")).  Ventrella, although still represented by Mr. Reece at the time, argued his Rule 40 Petition pro se. See id. at PageID.366-67 (Rule 40 Hrg. Trans. at 2-3).  The

state court ultimately denied Ventrella's Rule 40 Petition, ruling that Ventrella's minimum term did not violate his due process rights nor the holding of Alleyne, and that the minimum term complied with Haw. Rev. Stat. §§ 706-669(6) and (8). See generally Speer Decl., Exh. 7 (Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief, filed 6/15/20 ("Rule 40 FOF/COL")). The state court also denied Ventrella's Withdrawal Motion. [Id., Exh. 9 (Rule 40 Opening Brief), App'x F at PageID.382 (Rule 40 Hrg. Trans. at 18).] In its Rule 40 FOF/COL, the state court found that the HPA placed Ventrella in a Punishment Level III classification and considered the following significant factors: "(a) Character and Attitude of Offender with Respect to Criminal Activity or Lifestyle; and (b) Efforts Made to Live Pro-Social Life prior to Commitment to Prison." [Speer Decl., Exh. 7 (Rule 40 FOF/COL) at FOF ¶¶ 6(a)-(b).] The HPA Notice set Ventrella's minimum term of imprisonment at eleven years. [Id. at FOF ¶ 7.] In the Rule 40 Petition, Ventrella argued the HPA's minimum term increased the penalty for his crime, and therefore any fact that the minimum term was based upon should have been submitted to, and found by, the jury. Ventrella argued the HPA's reliance on facts that were not found by the jury violated Alleyne. [Id. at FOF ¶ 10.] The state court rejected this argument because

4

Alleyne does not apply when a state paroling authority determines an inmate's minimum term of imprisonment. [Id. at COL ¶ 2.] The state court also rejected Ventrella's arguments regarding the contents of the HPA Notice, the criteria that the HPA considered, the lack of a written justification for its determination of his minimum term, and the sufficiency of the transcript of the minimum term hearing. See id. at COL ¶¶ 5-9. The state court therefore denied Ventrella's Rule 40 Petition. [Id. at pg. 5.]

On July 9, 2020, Ventrella, proceeding pro se, filed a timely appeal from the Rule 40 FOF/COL. See Speer Decl., Exh. 8 (Notice of Appeal). Ventrella argued the state court should have ordered the HPA to conduct a new minimum term hearing, pursuant to Lewi v. State, 145 Hawai`i 333, 452 P.3d 330 (2019), because the HPA: arbitrarily and capriciously designed him as a Level III offender; imposed a sentence that was disproportionate to the sentences imposed upon other defendants who were convicted of the same offense; violated § 706-669(6) by failing to make a verbatim recording; and erred by failing to consider his ineffective assistance of counsel claim. See generally Speer Decl., Exh. 9 (Rule 40 Opening Brief).

On June 20, 2022, the Intermediate Court of Appeals of the State of Hawai`i ("ICA") issued an order affirming the state

5

court's denial of the Rule 40 Petition.  Ventrella v. State, NO. CAAP-20-0000448, 2022 WL 2196815 (Hawai`i Ct. App. June 20, 2022).  On August 5, 2022, Ventrella filed an Application for Writ of Certiorari to the Hawai`i Supreme Court.  See generally Speer Decl., Exh. 14.  On September 7, 2022, the supreme court issued an order rejecting Ventrella's application.  Ventrella v. State, SCWC-20-0000448, 2022 WL 4092989 (Hawai`i Sept. 7, 2022).

Ventrella's Petition raises the following grounds:

- the HPA violated his rights under the Fifth, Sixth, Eighth and Fourteenth Amendments by setting his minimum term based upon facts that were not submitted to and found by a jury ("Ground One"); [Petition at PageID.5;] and

- Mr. Reece rendered ineffective assistance during the hearing on the Rule 40 Petition, resulting in a violation of Ventrella's rights under the Fifth, Sixth, and Fourteenth Amendments ("Ground Two"), [id. at PageID.6].

Ventrella seeks an order vacating his current minimum term and requiring the HPA to hold a new minimum term hearing.  [Id. at PageID.12]  In his Reply, Ventrella concedes that he must pursue his ineffective assistance of counsel argument in the state court.  [Reply at PageID.506.]

### STANDARD

Section 2254 states, in relevant part:

> (a)  The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

6

> Constitution or laws or treaties of the United States.
>
> . . . .
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(a)-(d). This district court has stated:

> Review under § 2254(d) is "highly deferential." See, e.g., Moses v. Payne, 555 F.3d 742, 746 (9th Cir. 2009) (reiterating that the "standard for evaluating state-court rulings in the habeas context" is "highly deferential" (quoting Woodford v. Visciotti, 537 U.S. 19, 24, 123 S. Ct. 357, 154 L. Ed. 2d 279 (2002)). The U.S. Supreme Court "ha[s] repeatedly held that 'federal habeas corpus relief does not lie for errors of state law.'" Wilson v. Corcoran, 562 U.S. 1, 5, 131 S. Ct. 13, 178 L. Ed. 2d 276 (2010) (quoting Estelle v. McGuire, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991)).
>
> Congress amended § 2254 with the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which "[i]n many ways . . . represented a sea change in federal habeas law." Brown v. Davenport, --- U.S. ----, 142 S. Ct. 1510, 1524, 212 L. Ed. 2d 463 (2022). "Congress instructed [in AEDPA] that, if a state court has

> adjudicated the petitioner's claim on the merits, a federal court 'shall not' grant habeas relief 'unless' certain conditions are satisfied." Id. (citing § 2254(d)). "The question under AEDPA is thus not whether a federal court believes the state court's determination was incorrect, but whether that determination was unreasonable—'a substantially higher threshold' for a prisoner to meet." Shoop v. Twyford, --- U.S. ----, 142 S. Ct. 2037, 2043, 213 L. Ed. 2d 318 (2022) (quoting Schriro v. Landrigan, 550 U.S. 465, 473, 127 S. Ct. 1933, 167 L. Ed. 2d 836 (2007)). And "[i]f this standard is difficult to meet, that is because it was meant to be [by AEDPA]." Harrington v. Richter, 562 U.S. 86, 102, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011).

Stangel v. Wead, CIV. NO. 22-00067 JMS-KJM, 2023 WL 4014666, at *5 (D. Hawai`i June 15, 2023) (alterations in Stangel).[1]

Ventrella argues this Court should conduct an evidentiary hearing on the Petition. See Petition at PageID.12. However, this district court has recognized that

> the Supreme Court explicitly forbid district courts from holding evidentiary hearings for § 2254 habeas petitions on claims that have been adjudicated on the merits by a state court. Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). "After Pinholster, review of claims adjudicated on the merits under AEDPA must be based only on 'the record that was before the state court that adjudicated the claim on the merits.'" Gentry v. Sinclair, 705 F.3d 884, 898 (9th Cir. 2012) (quoting Pinholster, 131 S. Ct. at 1398)[, *as amended* (Jan. 15, 2013)].

---

[1] Stangel filed an appeal to the Ninth Circuit on July 10, 2023.

Wideman v. Thomas, Civil No. 14-00073 DKW-RLP, 2014 WL 4407708, at *3 (D. Hawai`i Sept. 5, 2014).  Ventrella has not "demonstrate[d] that the adjudication of his claim based on the state-court record resulted in a decision 'contrary to' or 'involv[ing] an unreasonable application' of federal law, a writ of habeas corpus 'shall not be granted' and [this Court's] analysis is at an end."  See Pinholster, 563 U.S. at 203 n.20, 131 S. Ct. at 1411 n.20 (some alterations in Pinholster).  This Court therefore concludes that an evidentiary hearing is not necessary in this case.

## DISCUSSION

### I.  Ground One - Determination of Ventrella's Minimum Term

Ventrella does not challenge his underlying conviction, nor his sentence.  Instead, he raises a due process challenge to the HPA's determination of his minimum term.  See Petition at PageID.5.  "To assess [a § 2254 petitioner's] Fourteenth Amendment procedural due process claims, we first examine his asserted property or liberty interests and then consider whether the state's procedures were constitutionally sufficient to protect those interests."  See Redd v. Guerrero, 84 F.4th 874, 891 (9th Cir. 2023) (citations omitted).

The Hawai`i Supreme Court has recognized that "the determination of a prisoner's minimum term is part of the parole

9

process. Therefore, the same standards should apply to judicial review of both an HPA decision denying parole and an HPA decision establishing a minimum term." Williamson v. Hawai`i Paroling Auth., 97 Hawai`i 183, 195, 35 P.3d 210, 222 (2001).

In the context of an action brought pursuant to 42 U.S.C. § 1983, this district court has stated:

> A liberty interest "may arise from the Constitution itself . . . or it may arise from an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). As the Supreme Court has stated, "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." Swarthout v. Cooke, 562 U.S. 216, 220 (2011). Although state law "may create liberty interests in parole release that are entitled to protection under the Due Process Clause," Bd. of Pardons v. Allen, 482 U.S. 369, 371 (1987), it is well settled that there is no state-created liberty interest in parole in Hawaii, Ruh v. Hawaii, 185 F. Supp. 3d 1268, 1272 (D. Haw. 2016) ("It is long settled that Hawaii's parole statutes and State law do not create a liberty interest in parole or release prior to the expiration of a maximum term."). . . .

Burns v. Hawai`i, Civ. No. 23-00143 JMS-KJM, 2023 WL 2814623, at *5 (D. Hawai`i Apr. 6, 2023) (some alterations in Burns). In Burns, the district court ruled that, because the petitioner did not have a protected liberty interest in parole, he had "no liberty interest in the setting of a minimum term to determine when, if ever, he is eligible for parole." Id. (some citations

10

and internal quotation marks omitted) (citing <u>Williamson v. Haw. Paroling Auth.</u>, 97 Haw. 183, 195, 35 P.3d 210, 222 (2001)).

Similarly, because Ventrella does not have a protected liberty interest in parole, he does not have a protected liberty interest in the determination of the minimum term that he must serve before being eligible for parole. Ground One of Ventrella's Petition is therefore denied.

## II. **Ground Two - Ineffective Assistance**

As previously noted, Ventrella concedes that he cannot use this § 2254 proceeding to pursue his claim that Mr. Reece rendered ineffective assistance during the Rule 40 proceedings. <u>See</u> Reply at PageID.506. Section 2254(i) expressly states: "The ineffectiveness or incompetence of counsel during . . . State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." Ground Two is therefore dismissed with prejudice. In other words, Ventrella will not be allowed to file an amended petition to try cure the defect in Ground Two because it is not possible for him to cure the defect. <u>See</u> <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam) ("a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted" (citations omitted)).

11

### III. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts states "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

> A [certificate of appealability] may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a constitutional claim is rejected on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the . . . court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

Stangel, 2023 WL 4014666, at *23 (some alterations in Stangel). Reasonable jurists would not find that the rulings in this Order regarding Ventrella's Petition are debatable. A certificate of appealability therefore will not be issued.

### CONCLUSION

For the foregoing reasons, Ventrella's "Petition Under 28 U.S.C. § 2254 for Writ of Habeaus [sic] Corpus by a Person in State Custody," filed October 13, 2022, is HEREBY DENIED as to Ground One and DISMISSED WITH PREJUDICE as to Ground Two. In addition, this Court DENIES a certificate of appealability. There being no remaining issues in this case, the Clerk's Office is DIRECTED to enter final judgment and close this case 15 days

after this Order is filed, unless Ventrella files a timely motion for reconsideration of this Order.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, November 14, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

MICHAEL VENTRELLA VS. SHAWN WEAD, WARDEN; CV 22-00448 LEK-RT; ORDER:  DENYING IN PART AND DISMISSING IN PART "PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAUS [SIC] CORPUS BY A PERSON IN STATE CUSTODY"; AND DENYING A CERTIFICATE OF APPEALABILITY